UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 22-00224 JGB (KKx) | Date | April 8, 2022 |
|---|---|---|---|
| Title | *Osvaldo Vazquez v. Target Corp., et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ/Tanisha Carrillo | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 10); and (2) VACATING the April 11, 2022 Hearing (IN CHAMBERS)

Before the Court is Plaintiff Osvaldo Vazquez's motion to remand. ("Motion," Dkt. No. 10.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion and VACATES the April 11, 2022 hearing.

## I. BACKGROUND

On October 29, 2021, Mr. Vazquez filed a complaint in the Superior Court of California for the County of San Bernardino against Defendants Target Corporation ("Target"), Frank Escobar ("Escobar"), and Does 1 through 10 (collectively, "Defendants"). ("Complaint," Dkt. No. 1, Ex. A.) Mr. Vazquez alleges four causes of action: (1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940(a) against Target; (2) defamation against Target and Mr. Escobar; (3) failure to provide reasonable accommodation under FEHA in violation of Cal. Gov't Code § 12940(m) against Target; and (4) failure to engage in interactive process under FEHA in violation of Cal. Gov't Code § 12940 against Target. (See Compl.)

On February 3, 2022, Target removed the action. ("Notice of Removal," Dkt. No. 1.) Mr. Escobar was not joined in the removal. (Id. at 2.)

On February 18, 2022, Mr. Vazquez filed the Motion. (See Mot.) In support, Mr. Vazquez filed the declaration of Rahul Sethi. ("Sethi Declaration," Dkt. No. 10-1.)

Target opposed on February 28, 2022. ("Opposition," Dkt. No. 12.) In support, Target filed the declaration of Yesenia Carmona ("Carmona Declaration," Dkt. No. 12-1) and the declaration of Marjorie C. Soto ("Soto Declaration," Dkt. No. 12-2).

On March 7, 2022, Mr. Vazquez replied. ("Reply," Dkt. No. 14.)

## II.   LEGAL STANDARD

### A.   Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). A defendant may only remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Serv., LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). A court "must resolve all material ambiguities in state law in plaintiff's favor" on a motion to remand. Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002). "When there are real ambiguities among the relevant state law authorities, federal courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities. Id. at 1118. Similarly, "[d]oubt arising from inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand." Charlin v. Allstate Ins. Co., 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998).

## III.   DISCUSSION

Mr. Vazquez moves to remand this action for lack of diversity jurisdiction. (See Mot.) The parties disagree on whether Mr. Escobar, the sole non-diverse Defendant, was fraudulently joined to defeat diversity and prevent removal. (Id. at 5–7; see Opp'n.)

### A.   Procedural Sufficiency of Removal

Before reaching the issue of fraudulent joinder, the Court must confirm that Target's removal is not procedurally defective. The Court considers whether Target's removal was timely, and whether removal without the joinder of Mr. Escobar requires remand.

First, "[t]he notice of removal … shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Here, Target states that it was served with the Complaint on January 4, 2022.[1] (NOR at 6.) Its removal on February 3, 2022 was within thirty days of service and thus timely.

Second, Target removed this action without Mr. Escobar's consent, arguing that his consent was not required because Mr. Vazquez failed to timely serve him. (NOR at 2.) The Court agrees. When a plaintiff fails to properly serve non-joining defendants, "their absence from the removal notice [does] not render the removal defective." Destfino v. Reiswig, 630 F.3d 952, 957 (9th Cir. 2011). California law requires that "[t]he complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint." Cal. R. of Court 3.110(b).

Here, because Mr. Vazquez filed the Complaint on October 29, 2021, the deadline to serve Defendants was December 28, 2021, with certain extensions for service by mail. Cal. Civ. Proc. Code § 1013(a). While service on Target was completed on January 4, 2022, Mr. Vazquez never served Mr. Escobar. (NOR at 6; Sethi Decl. ¶ 2; Mot. at 4–5.) Mr. Vazquez's reason for the failure—that his counsel mistakenly believed Target's counsel also represented Mr. Escobar such that separate service was unnecessary—is insufficient. (Mot. at 4; Sethi Decl. ¶¶ 2–3.) Mr. Vazquez still has made no effort to effectuate service. (Soto Decl. ¶ 4.) Accordingly, the Court finds that non-joinder of Mr. Escobar does not render Target's removal defective.

### B. Fraudulent Joinder

Target argues that Mr. Escobar is a sham defendant and that his California citizenship must be disregarded for removal purposes. (NOR at 3–5; see Opp'n.) Without Mr. Escobar, Target asserts that diversity jurisdiction exists because it is a Minnesota citizen, Mr. Vazquez is a California citizen, and the amount in controversy exceeds $75,000.00. (NOR at 7–11.)

Fraudulent joinder "is a term of art." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018). For the second method, a defendant must show "that an 'individual[] joined in the action cannot be liable on any theory.'" Id. (quoting Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)). This standard requires "more than [a] show[ing] that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Padilla v. AT&T Corp., 697

---

[1] The Court notes that Mr. Vazquez's service on Target was incomplete under California law because he failed to file the proof of service prior to removal. (Sethi Decl. ¶ 2.) See Cal. R. Court 3.110(b) ("The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint.") (emphasis added). However, the federal removal statute only requires that a defendant remove within thirty days of "receipt" of service, which occured here.

F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). Instead, the party arguing fraudulent joinder must establish that "there is no possibility" that the plaintiff could prevail on any alleged claim against the non-diverse defendant. Id. A "non-fanciful possibility that plaintiff can state a claim" is enough. Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012). "[R]emand must be granted unless the defendant shows that the plaintiff" could not cure the deficiency through amendment. Rangel v. Bridgestone Retail Operations, LLC, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016). A defendant has the "burden of establishing that Plaintiff is incapable of amending his complaint to state a valid [ ] claim." Id. at 1034.

Here, Mr. Vazquez asserts a defamation cause of action against Mr. Escobar. (Compl. ¶¶ 27–32.) To prevent remand, Target must show that there is no possibility that Mr. Vazquez could state a claim for defamation against Mr. Escobar. Target argues that this is the case because: (1) Mr. Vazquez fails to allege a prima facie case for his defamation claim, and (2) even if he could, the alleged defamatory statements are privileged under California law. (NOR at 3–6.)

Under California law, the tort of defamation "involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." Taus v. Loftus, 40 Cal. 4th 683, 720 (2007).

The Court first finds that the Complaint raises a non-fanciful possibility that Mr. Vazquez can state a defamation claim against Mr. Escobar in state court. Mr. Vazquez alleges that on March 23, 2021, Mr. Escobar "falsely accused Vazquez of damaging a forklift," "falsely accused Vazquez of racism," and "reported Vazquez to human resources for racism." (Compl. ¶¶ 12–13.) He further alleges that on that same date, "Target terminated Vazquez's employment." (Id. ¶ 14.) These allegations are sufficient to show that Mr. Escobar could be liable. As Target asserts, Mr. Vazquez does not specifically allege that the above statements were defamatory or false, or to whom they were published. (NOR at 4.) However, Target fails to establish that Mr. Vazquez could not cure these deficiencies by amending the Complaint. Mr. Vazquez's "conclusory" or unspecific allegations can be easily cured. (Opp'n at 2–4.) Moreover, whether Mr. Escobar's statement about racism is an "opinion" or a false statement of fact is an ambiguity that must be resolved in Mr. Vazquez's favor at this stage. (Id. at 2.)

Target argues that even if Mr. Vazquez states a prima facie case, Target is shielded from liability because the identified statements are protected by workplace harassment privilege, common interest privilege, or managerial privilege under California law. (NOR at 4–5.) As such, it asserts that these statements cannot constitute defamation as a matter of law. (Opp'n at 4.)

The assertion of a privilege is a "complete defense" to liability for defamation. Guidice v. Priest, 2013 WL 12081086, at *1 (C.D. Cal. June 19, 2013). When a removing party in a defamation case claims that its statements are privileged, a court will consider the defense after a determination that the plaintiff has made a prima facie case. See Sanchez v. Lane Bryant, Inc., 123 F. Supp. 3d 1238, 1243 (C.D. Cal. 2015) (considering whether statements are privileged after finding that "plaintiff has pled sufficient facts" to state a defamation claim). Accordingly, the Court considers whether the statements Mr. Vazquez identified are privileged.

As an initial matter, the Court notes that Target asserts not three privileges, but one. The so-called "workplace harassment" privilege, "common interest" privilege, and "managerial privilege" all arise from the same statutory provision: Section 47(c) of the California Civil Code. (NOR at 4–5, 5 n.4 (citing Cruey v. Gannett Co., 64 Cal. App. 4th 356, 379 (1998) (finding that Cal. Civ. Code § 47(c) covers "an accusation of workplace harassment and discrimination"); King v. United Parcel Serv., Inc., 152 Cal. App. 4th 426, 440 (2007) (finding employer's statements to employees, without malice, are privileged because "an employer and its employees have a common interest in protecting the workplace from abuse"); Kacludis v. GTE Sprint Commc'ns Corp., 806 F. Supp. 866, 872 (N.D. Cal. 1992) (finding "manager's privilege," where manager "made disparaging comments" about employee)).) Section 47(c) of the California Civil Code only provides one standard. Accordingly, the Court considers the privileges in unison.

Section 47(c) of the California Civil Code protects "a communication [made] without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supporting the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information." Cal. Civ. Code § 47(c). "The statutory privilege, however, is qualified, not absolute, and a plaintiff may defeat the privilege by a showing of 'malice.'" Sanchez, 123 F. Supp. 3d at 1243 (citing Cal. Civ. Code § 47(c)). "The malice necessary to defeat a qualified privilege is 'actual malice' which is established by a showing that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard for the plaintiff's rights.'" Id. at 1244 (quoting Noel v. River Hills Wilsons, Inc., 113 Cal. App. 4th 1363, 1370 (2003)).

Target contends that when Mr. Escobar allegedly and "falsely accused Vazquez of damaging a forklift" and "reported Vazquez to human resources for racism," he was exercising his right to be free from discrimination in the workplace. (NOR at 5.) Moreover, his comments arose from his duties as a Target employee and Mr. Vazquez's supervisor to ensure that Mr. Vazquez executed his work "safely and within Target's safety protocols." (Id.; Opp'n at 5–7.)

However, as noted above and Target's cited authority make clear, any privilege afforded under Section 47(c) is conditional and does not apply if Mr. Vazquez alleges the possibility of actual malice. The Court finds that Mr. Vazquez has done so. The Complaint alleges that Mr. Escobar "began giving Vazquez unwarranted criticism regarding his job performance," once Mr. Vazquez returned from long-term medical leave. (Compl. ¶¶ 11–12.) He further alleges that "Escobar also sought to find reasons to terminate Vazquez's employment by asking co-workers to report any perceived misconduct on the part of Vazquez." (Id. ¶ 12.) In the next paragraph, Mr. Vazquez alleges that Mr. Escobar made the purportedly false accusations to Mr. Vazquez and reported him to human resources, and that Mr. Vazquez was terminated—all in the same day. (Id. ¶¶ 13–15.) Resolving any doubt in Mr. Vazquez's favor, as the Court must at this stage, the Court agrees with Mr. Vazquez that these allegations raise the possibility that Mr. Escobar

fired him maliciously. (Mot. at 7.) Accordingly, Target fails to show that the statutory privilege of Section 47(c) bars Mr. Vazquez's defamation claim against Mr. Escobar.

In sum, because Target has not met its heavy burden of establishing that Mr. Vazquez fraudulently joined Mr. Escobar, the Court must remand the action. The Court GRANTS the Motion.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion and REMANDS the case to the Superior Court of California for the County of San Bernardino. The April 11, 2022 hearing is VACATED. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**